IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–108–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| GREGG ALLEN JOHNSON, | |
| Defendant. | |

On April 25, 2025, Defendant Gregg Allen Johnson[1] filed a pro se motion "to ask for [a] reduction" of his 94-month federal sentence for drug conspiracy and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 136; *see* Doc. 97 (Judg.).) Although Johnson did not expressly move under 18 U.S.C. § 3582(c)(1)(A), his motion is construed as a motion for compassionate release. *See Erickson v. Pardus*, 551 U.S. 89, 94 (1007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). The government did not respond. Johnson's projected release date is March 23, 2026. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed June 11, 2025). For the reasons stated below, Johnson's motion is denied.

---

[1] In his motion, the defendant refers to himself as "Greg." (Doc. 136.)

1

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Johnson argues his release is justified due to his daughter's incapacitation and "other reasons," including his good behavior and UNICOR work while incarcerated. (Doc. 136.) Johnson specifically requests that on June 24, 2025, instead of being released from FCI Hazelton to "Billings Half Way House for nine months[,]" he be simply released. (*See id.* at 1.) Ultimately, Johnson's daughter's incapacitation is an extraordinary and compelling reason for his release; however, because early release is not justified under the § 3553 factors, Johnson's motion is denied.

### I.  Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

2

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Because Johnson does not address exhaustion in his motion, nor is there any evidence that he made a request to BOP, Johnson did not "fully exhaust[]" as required by the statute. *See United States v. Ford*, 2021 WL 5980368, at *1–2 (N.D. Ind. Dec. 16, 2021) ("Exhaustion is required each time a defendant seeks compassionate release."). However, the Ninth Circuit has concluded that a defendant's failure to satisfy § 3582(c)(1)(A)'s requirement that a defendant exhaust his administrative rights with the Bureau of Prisons is not a jurisdictional bar, but rather imposes a mandatory claim-processing rule that must be enforced when properly invoked. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Thus, when exhaustion is raised by the government, it must be enforced. *Id.* If not raised by the government, however, the exhaustion requirement may be forfeited, and a court can consider the merits of the pending motion. *Id.* Accordingly, because the government has not raised exhaustion—let alone responded to the instant motion—Johnson's motion is considered on the merits.

## II. Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Guidelines provide explicit examples of what constitutes such circumstances. *See* USSG §1B1.13. Relevant here, a defendant can

3

demonstrate an extraordinary and compelling reason upon showing the "incapacitation of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." USSG §1B1.13(b)(3)(A). The Sentencing Commission also explains that a defendant may additionally establish an extraordinary and compelling reason by presenting "other reasons" that consist of "any other circumstance or combination of circumstances that, when considered by themselves or together with" any of the examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. § 1B1.13(b)(5).

Johnson appears to argue that his good behavior and UNICOR work while incarcerated, (Doc. 136 at 4), his job search, (*id.* at 6), and his statements that he will comply with all conditions of supervised release, (*id.* at 3), support his early release. However, neither these circumstances nor a combination of such constitute "other reasons" for early release. *See* § 1B1.13(b)(5).

Johnson also argues that he has established an extraordinary and compelling reason justifying his release under §1B1.13(b)(3)(A) because his adult daughter is mentally incapacitated. Johnson asserts that his 20-year-old daughter, Kylie Johnson, has been diagnosed with major depressive disorder with psychotic features, post-traumatic stress disorder, attention-deficit/hyperactivity disorder, and generalized anxiety. (Doc. 136 at 1–2.) In the last few years, Kylie "has been into

the Billings Emergency Room and the psychiatric center multiple times" and "was in Montana State Mental Hospital for six months[.]" (*Id.* at 2.) Kylie currently resides with Johnson's 83-year-old mother, Rachel, (*id.* at 1), who, due to her age and limited physical abilities, "needs help with Kylie[,]" (*id.* 136 at 3), and "has a very hard time keeping up with" her, (*id.* at 5.) For example, Rachel is unable to address recurrent situations in which Kylie gets violent and hits people or jumps out of a moving car and runs away. (*Id.* at 3.)

Johnson's argument in the instant motion regarding his daughter is essentially the same argument that he made in his June 21, 2024 motion for compassionate release. (Doc. 126; 127 at 6–11). The Court determined Johnson's daughter's mental incapacitation was an extraordinary and compelling reason for his release, but denied his motion because early release was not justified under the § 3553 factors. (Doc. 132 ("August 5, 2024 Order").) In the instant motion, Johnson does, however, assert that his daughter's "symptoms have progressed." (Doc. 136 at 5.) Johnson maintains that he could care for Kylie with physical and financial support, (*id.* at 4), as well as ensuring she takes her medications and finds "self-help groups with others who share her symptoms[,]" (*id.* at 6). The August 5, 2024 Order found "[t]here is no reason for the Court to assume that Johnson, when sober, could not serve as his daughter's caregiver as he works to maintain his

5

sobriety[,]" and based on the current motion and lack of government response, this assessment has not changed in the past ten months.

Accordingly, Johnson has established an extraordinary and compelling reason for release under §1B1.13(b)(3)(A) based on his daughter's mental incapacitation.

## III. Section 3553(a) Factors

To determine whether compassionate release is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, the § 3553(a) factors weigh against early release. As explained in the August 5, 2024 Order, the instant offense conduct is extremely serious, (Doc. 74 at 4–5; PSR ¶¶ 62–64), Johnson has a significant criminal history, (PSR ¶¶ 55–56), and his sentence was the lowest the Court could justify in light of his conduct,

(Doc. 97 at 2; Doc. 98 at 4). (Doc. 132 at 7–9.) The Court accordingly found that reducing Johnson's sentence further would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). None of that has changed.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion, (Doc. 136), is DENIED.

DATED this 17th day of June, 2025.

Susan P. Watters, District Judge
United States District Court